**SEALED FILED**

JUL 05 2017

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

PHILLIP A. TALBERT
United States Attorney
Michele Beckwith
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF PEN REGISTERS AND TRAP AND TRACE DEVICES AND ACQUISITION OF CELLSITE INFORMATION FOR A CELLULAR TELEPHONE ASSIGNED CALL NUMBER **620-719-7612**. | CASE NO. **2:17-SW 0 0 5 7 5   KJN**<br><br>[~~PROPOSED~~] ORDER<br><br>**UNDER SEAL** |

### ORDER

Michele Beckwith, Assistant United States Attorney for the Eastern District of California (the applicant), has submitted an application on behalf of the United States, pursuant to 18 U.S.C. §§ 3122-24 and 18 U.S.C. § 2703(d), requesting that the Court issue an order authorizing the installation and use of pen registers and trap and trace devices ("pen-trap devices") on the T-Mobile cell phone number **620-719-7612** (the "target cell phone"), and the acquisition of certain approximate location information for the target cell phone, and other dialing, routing, and signaling information that may be associated with communications to or from the target cell phone, as described in Attachment A to this Order. The Court finds:

1. The applicant is an attorney for the government and has certified that the information likely to be obtained from such installation and use is relevant to an ongoing criminal investigation

being conducted by the Federal Bureau of Investigation in connection with possible violations of 18 U.S.C. § 2251(a) and (e).

2. The United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to the same ongoing criminal investigation.

3. There is reason to believe that notifying any other person, including the subscriber of the target cell phone, of the existence of this application and Order, the resulting pen-trap devices, or this investigation, except as necessary to effectuate the Order, will seriously jeopardize the ongoing investigation.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. §§ 3123-24, that the applicant and the Federal Bureau of Investigation may, for a period of sixty days from the date of installation of the pen-trap devices, install and use pen-trap devices to collect dialing, routing, addressing, and signaling information for each communication to or from the target cell phone, as described in Section II(a) of Attachment A, without geographic limit.

IT IS FURTHER ORDERED that, pursuant to 18 U.S.C. § 2703(d) and 18 U.S.C. §§ 3122-24, the applicant and the Federal Bureau of Investigation are authorized to acquire, during the same sixty-day period, all information requested in Section II(b) of Attachment A, without geographic limit.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that T-Mobile and any other person or entity providing wire or electronic communication service in the United States whose assistance may, pursuant to 18 U.S.C. § 3123(a), facilitate the execution of this Order shall, upon service of this Order, furnish information, facilities, and technical assistance necessary to install the pen-trap devices, including installation and operation of the pen-trap devices unobtrusively and with minimum disruption of normal service.

IT IS FURTHER ORDERED that the Federal Bureau of Investigation reasonably compensate T-Mobile and any other person or entity whose assistance facilitates execution of this Order for reasonable expenses incurred in complying with this Order.

IT IS FURTHER ORDERED that the Federal Bureau of Investigation and the applicant have access to the information collected by the pen-trap devices as soon as practicable, twenty-four hours per

1 day, or at such other times as may be acceptable to them, for the duration of the Order.

2 IT IS FURTHER ORDERED that T-Mobile and any other person or entity whose assistance may facilitate execution of this Order notify the applicant and the Federal Bureau of Investigation of any changes relating to the target cell phone, including changes to subscriber information, and provide prior notice to the applicant and the Federal Bureau of Investigation before terminating or changing service to the target cell phone.

IT IS FURTHER ORDERED that T-Mobile and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, not disclose in any manner, directly or indirectly, by any action or inaction, including to the subscriber of the target cell phone, identified above, the existence of this application and Order, the resulting pen-trap devices, or the underlying investigation, except as necessary to effectuate the Order, unless and until authorized by this Court. See 18 U.S.C. § 2705(b) and 18 U.S.C. § 3123(d)(2).

Dated: July 5, 2017

Hon. Kendall J. Newman
U.S. MAGISTRATE JUDGE

## ATTACHMENT A

### Property to Be Searched

I. **The Target Cell Phone**
   The Order applies to certain information associated with the following cell phone number: **620-719-7612** (the "target cell phone").

II. **Information to Be Collected with Pen-Trap Devices**
   The pen-trap devices are authorized to collect the following information for the target cell phone listed in Part I of this Attachment.

   a. **Pursuant to 18 U.S.C. §§ 3122-24**
      All dialing, routing, addressing and signaling information associated with each communication to and from the target cell phone, including, but not limited to:

      i. Any unique identifiers associated with the cell phone, including ESN, MEIN, MSISDN, IMSI, IMEI, SIM, or MIN.
      ii. Source and destination telephone numbers and email addresses.
      iii. Date, time and duration of all communications.

   b. **Pursuant to 18 U.S.C. §§ 3122-24 and 18 U.S.C. § 2703(d)**
      i. All data about the cell towers (i.e., antenna towers covering specific geographic areas) and sectors (i.e., faces of the towers) to which the target cell phone will connect at the beginning and end of each communication.